IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHELBY ALDRIDGE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Act. No: 2:17-cv-809-MHT-WC |
| ) | |
| TERRI BOZEMAN LOVELL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On November 27, 2017, Plaintiffs filed their Complaint (Doc. 1) in this matter. The District Judge has referred this matter to the undersigned for "consideration and disposition or recommendation on all pretrial matters as may be appropriate." Doc. 4. In an Order (Doc. 14) entered on December 20, 2017, the undersigned granted the Motion for a More Definite Statement (Doc. 11) filed by Defendants Jeannie Gibson, Terri Bozeman Lovell, and Charlotte Tesmer. In that Order, the undersigned made the following observations about the Complaint:

> The Complaint is disorganized and difficult to decipher. It first alludes to a state court filing "placed before the Circuit Clerk of Crenshaw County" that, allegedly, has been ignored by someone. Doc. 1 at ¶1. The Complaint next appears to allege that "Defendants have engaged in an ongoing, organized, and orchestrated conspiracy to commit fraud on a long time established business in the community[,]" and confusingly references a "Defacto warrant which is nothing other than a capias." *Id.* at ¶¶ 3-4. The Complaint then vaguely alleges that all Defendants have participated in the undescribed conspiracy and have taken undescribed actions to conceal their actions and maintain the conspiracy. *Id.* at ¶¶ 4-5. After alleging that jurisdiction in this court may be predicated on both federal question and diversity jurisdiction, the Complaint confusingly references "R.I.C.O. FRAUD

>    CONSPIRACY/OBSTRUCTION OF JUSTICE[,]" but does not provide any allegations in support of a civil RICO cause of action.
>
>    The Complaint next proceeds to allege the "FACTS" supporting whatever claim Plaintiffs purport to present. However, the facts actually alleged are negligible. The Complaint first alleges that "[t]he problem of so-called fraud is one of the most serious problems facing society today." *Id.* at ¶ 11. The Complaint next appears to partially excerpt a 2013 article concerning civil asset forfeiture sourced to an internet site. *Id.* None of the excerpted article appears to concern actions taken by Plaintiffs or Defendants. After the excerpted article, the Complaint moves directly to requesting declaratory and equitable relief, and a prayer for damages. *Id.*
>
>    . . .
>
>    Plaintiffs' complaint fails to provide Defendants with adequate notice of the claims against them. As set forth above, the Complaint only vaguely alludes to some undescribed conspiracy and the facts alleged in support of any claim purported to be alleged are wholly deficient, as the "FACTS" section of the Complaint consists only of a general statement about the harm and prevalence of "fraud" and an excerpted article that appears to concern civil asset forfeiture. These allegations are so vague and ambiguous that Defendants cannot reasonably be expected to formulate a response to the Complaint. As such, Defendants are entitled to a more definite statement of Plaintiffs' claims, and Plaintiffs will therefore be required to file an amended complaint.

Doc. 14 at 1-2, 3. The undersigned instructed Plaintiffs to file their amended complaint on or before January 10, 2018. *Id.* at 4. In particular, the Order instructed Plaintiffs to "file an amended complaint that conforms with Rules 8 and 10 of the Federal Rules of Civil Procedure" by "clearly and succinctly" describing "how each Plaintiff's legal rights have been violated or injured, as well as the specific actions by each Defendant alleged to have caused such violations or injuries." *Id.*

On December 28, 2017, Plaintiffs filed a batch of documents titled "Notice of Eminent Liability" (Doc. 19). In an Order (Doc. 21) entered on January 24, 2018, the undersigned made the following observations regarding the "Notice":

> The "Notice" consists of one hundred pages. It is addressed to the presiding United States District Judge. Beginning on page five, under the heading "Take Judicial Notice: Violation of Rules of Engagement," it begins a lengthy discussion of various legal doctrinal concepts ("clean hands," "fruit of the poisonous tree," "Miranda warning," etc.), which includes several excerpts from cases ostensibly concerning those topics. On page 90, under the heading "The Federal Judiciary," the "Notice" begins a handwritten section that appears to discuss the jurisdiction of the federal courts and includes a discussion of "Treason" and "Void Judgments." In short, the document is not a complaint within the meaning of Rules 8 and 10 of the Federal Rules of Civil Procedure and it does not comply with the court's prior Order that Plaintiffs file an amended complaint that conforms to the Federal Rules.

Doc. 21 at 1-2. Apart from the "Notice," which the undersigned found noncompliant with the court's Order of December 20, Plaintiffs did not subsequently file an amended complaint by the date established in the court's Order. However, in the January 24, 2018, Order, the undersigned further observed that, "on December 29, 2017, Plaintiff Michael-Everet Dennison, Jr., filed a document that was docketed as a complaint in a new, separate civil matter. *See* Doc. 1, *Michael-Everet Dennison, Jr. v. Terri Bozeman Lovell*, Civ. No. 2:17-cv-871-MHT-WC. This document appears to allege that Defendant Lovell committed various federal crimes. Plaintiff Dennison and Defendant Lovell are the only parties from the instant action indicated as parties in the separate, subsequent action." Doc. 21 at 2. Given Plaintiffs' failure to file an amended complaint as ordered by the court in the instant matter, and considering the filing of a document that was docketed as a complaint in a separate civil matter, the undersigned ordered as follows: "on or before

3

February 2, 2018, Plaintiffs shall file a written notice with the court indicating whether they intended the document docketed as a complaint in *Dennison v. Lovell*, Civ. No. 2:17-cv-871-MHT-WC, to be docketed as the amended complaint in the instant matter, as required by the Court's Order (Doc. 14) of December 20, 2017." Doc. 21 at 2. Furthermore, the undersigned cautioned that Plaintiffs' "***failure to file the written notice required by this Order may cause the undersigned to recommend to the District Judge that this matter be dismissed for Plaintiffs' failure to prosecute and abide by the court's orders.***" *Id.* at 3 (emphasis in original). February 2 has long-since passed and Plaintiffs have failed to file the statement or notice of clarification as ordered by the court.

To review, Plaintiffs initially filed a deficient complaint that wholly fails to include sufficient plausible allegations of fact providing adequate notice to Defendants of their alleged unlawful actions. Consequently, Plaintiffs were directed to file an amended complaint that complies with the Federal Rules of Civil Procedure. Rather than filing a proper amended complaint, Plaintiffs filed their "Notice," a document that does not comply with the Federal Rules pertaining to federal civil complaints and that appears to be based upon a strain of "sovereign citizen" ideology. When the court noted the inadequacy of Plaintiffs' "Notice of Eminent Liability" and the filing of the separate civil matter, the court provided yet another opportunity for Plaintiffs to rectify their deficient filings and failure to abide the court's orders by directing Plaintiffs to clarify whether the separate civil filing was intended by Plaintiffs to serve as the amended complaint ordered by the court in this matter. Plaintiffs failed to file the requisite clarification, and, therefore, once again failed to follow the court's orders.

A district court possesses the authority to order dismissal of a complaint, *sua sponte*, due to a plaintiff's "failure to obey a court order or a federal rule," *see* Fed. R. Civ. P. 41(b), as well as pursuant to the court's "inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint for failure to comply" with the Federal Rules' directives regarding the proper pleading of a complaint. *Weiland v. Palm Beach Sheriff's Office*, 792 F.3d 1313, 1319-20 (11th Cir. 2015). For the reasons that follow, the undersigned finds that both of these independent bases justify dismissal of Plaintiffs' complaint

Rule 41(b) of the Federal Rules reads, in relevant part, as follows: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Although Rule 41(b) speaks of a "defendant" who "move[s]" the court to dismiss, the Eleventh Circuit Court of Appeals has "held that the district court may *sua sponte* dismiss a case under Rule 41(b)." *Brutus v. Internal Revenue Serv.*, 393 F. App'x 682, 683 (11th Cir. 2010) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In order to enter such a *sua sponte* dismissal, the district court must find "'both a clear record of willful conduct and a finding that lesser sanctions are inadequate.'" *Id.* at 684 (quoting *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006)). *See also Weiland*, 792 F.3d at 1320 (citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). When a court has apprized a plaintiff of fatal deficiencies with the plaintiff's complaint and afforded instructions and an opportunity to cure those deficiencies with an amended complaint, but yet the "plaintiff fails to make meaningful modifications to [his] complaint, a district court may dismiss the case under

5

the authority of either Rule 41(b) or the court's inherent power to manage its docket." *Weiland*, 792 F.3d at 1321 n.10 (citing *Betty K. Agencies*, 432 F.3d at 1337)).

In this case, as set forth above, the undersigned alerted Plaintiffs to both the deficiency of their original Complaint and of their "Notice of Eminent Liability," and provided opportunities for Plaintiffs to cure their deficiencies and provide clarification about their intent to file a viable complaint in this matter. Plaintiffs openly disobeyed the court's orders by failing to file a proper amended complaint and further failing to provide the court with the clarification it requested regarding the filing docketed in the separate civil matter. The record thus plainly reflects willful conduct on the part of Plaintiffs in disregarding the court's orders.

The undersigned further finds that a sanction less than dismissal of this action is inadequate. Plaintiffs have already demonstrated a penchant for disregarding the court's orders. Plaintiffs are not officers of the court, and are appearing *pro se*. Their complaint and "Notice of Eminent Liability" appears predicated on "sovereign citizen" ideology. It simply does not appear that any sanction the court may order less than dismissal will be effectual in this matter.

In short, the record in this case reflects *Weiland*'s paradigmatic example of when dismissal under Rule 41(b) is appropriate. That is, where the court has taken great pains to advise a plaintiff of his complaint's deficiencies and afforded opportunities to correct those deficiencies, and "[w]here a plaintiff fails to make meaningful modifications to [his] complaint, a district court may dismiss the case under the authority of Rule 41(b)[.]" 792 F.3d at 1321 n.10. Because Plaintiffs failed to meaningfully modify their Complaint to

6

remedy the deficiencies addressed by the court's prior Orders, this matter is due to be dismissed pursuant to Rule 41(b).

In addition to its authority under Rule 41(b), as an incident to its "inherent authority to control its docket and ensure the prompt resolution of lawsuits," the court may *sua sponte* dismiss an action "for failure to comply with Rule 8(a)(2) and Rule 10(b)." *Weiland*, 792 F.3d at 1320. Rule 8(a)(2) is the foundational Rule establishing a plaintiff's burden at the pleading stage. The Rule instructs that, in order to state a claim for relief, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Rule 10 governs the "Form of Pleadings" and instructs, in relevant part, that a plaintiff "must state" his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). These rules are used in tandem by reviewing courts to assess the sufficiency and clarity of pleadings.

The Eleventh Circuit has observed that "[c]omplaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland*, 792 F.3d at 1320. Although the Court of Appeals has recognized at least four loosely distinguished classes of "shotgun pleadings," *id.* at 1321-23, the "unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* A district court may dismiss a "shotgun pleading" pursuant to its "inherent authority to control its docket and ensure the prompt resolution of lawsuits[.]" *Id.* at 1320. *See, e.g., Lacroix v. W. Dist. of KY,* 627 F.

7

App'x 816, 818-19 (11th Cir. 2015) (affirming district court's *sua sponte* dismissal of "classic shotgun pleading" because it did not comply with Rules 8(a)(2) and 10(b)); *Meduty v. Ga. Dep't of Admin. Servs.*, 614 F. App'x 401, 402-03 (11th Cir. 2015) (same).

Here, as set forth above, the operative complaint before the court—Plaintiff's original Complaint—fails to give Defendants adequate notice of any of the claims alleged against them and the factual allegations supporting any such claim. Furthermore, for the reasons discussed above, the undersigned concludes that Plaintiffs have willfully failed to correct the deficiencies in their Complaint, or to otherwise advise of their intentions regarding the filing of an amended complaint, and that no sanction less than dismissal is adequate. Accordingly, the Complaint (Doc. 1) is due to be dismissed pursuant to the court's inherent power to manage its docket.

For all of the reasons given above, the undersigned Magistrate Judge hereby

RECOMMENDS that Plaintiffs' Complaint be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and pursuant to the court's inherent power to manage its docket. The undersigned further RECOMMENDS that the Motion to Dismiss (Doc. 15) filed by Defendants Quinton Benton and Mickey Powell be DENIED as moot, and that the Motion to Clarify (Doc. 20) filed by Defendants Jeannie Gibson, Terri Bozeman Lovell, Charlotte Tesmer be DENIED as moot. Further, it is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before March 21, 2018**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written

objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  Plaintiffs are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    DONE this 7th day of March, 2018.

                                                    /s/ Wallace Capel, Jr.
                                                    CHIEF UNITED STATES MAGISTRATE JUDGE